IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BENNIE LEE GILYARD, | : |
| Petitioner, | : |
| vs. | : 1:05-CV-73(WLS) |
| DON JARRIEL, Warden, | : |
| Respondent. | : |

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO EXHAUST STATE REMEDIES**

This is the second petition filed pursuant to 28 U.S.C. § 2254 by this petitioner challenging his 1990 conviction in the Superior Court of Dougherty County Georgia for voluntary manslaughter and involuntary manslaughter. It is helpful to address some of the procedural history surrounding the first petition in this recommendation. On or about February 17, 2004, petitioner filed his first petition in this court (See Gilyard v. Jarriel, Warden; 1:04-cv-16(WLS), hereinafter referred to as Gilyard-1). On April 26, 2004, respondent filed his motion to dismiss the petition alleging the same to have been untimely filed and thus barred by the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act and for his failure to exhaust his state court remedies prior to seeking relief in this court. (Gilyard-1, document # 11). On April 27, 2004, the court gave its customary notice to petitioner of the filing of the motion to dismiss. (Gilyard-1, document # 13). On May 10, 2004, petitioner responded to respondent's motion by filing his motion to dismiss without prejudice so that he could exhaust his state court remedies (Gilyard-1, document # 14). Concluding that petitioner's claim was barred as untimely and that allowing him to exhaust his state court remedies would not remove the time bar the undersigned recommended on June 14, 2004, that respondent's motion to dismiss

be granted (Gilyard-1, document # 15).  On July 20, 2004, the United States District Judge to whom this matter was assigned declined to accept the recommendation and concluded that petitioner should be allowed to dismiss his petition without prejudice in order to pursue and exhaust any state court remedies available to him.  The court then granted petitioner's motion and denied as moot the respondent's motion without prejudice to reassert the motion in the event of further proceedings in this court by petitioner. (Gilyard-1, document # 17).

On August 24, 2004, petitioner filed his petition for habeas corpus in the Superior Court for Dodge County, Georgia (current petition, p. 3, ¶ 11(c)(1)(2)).  Petitioner signed and evidently filed the instant petition on May 24, 2005 (current petition, p. 7).  The state petition is still pending as no ruling has been entered (current petition, p. 3, ¶11(c)(4)(5)).

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement,  "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978).   The petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds,

"there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). The court notes that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Inasmuch as the petitioner has not yet exhausted his available state court remedies regarding the grounds for relief raised in this federal habeas petition, such as a direct appeal followed by a state court habeas action, it is the RECOMMENDATION of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system. As noted in the recommendation of the undersigned and the final order of the district judge in case number 1:04-cv-16, there is a great likelihood that petitioner will still face timeliness problems if he refiles in this court subsequent to exhaustion.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file and serve written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 22nd day of June, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE